JEFFERY J. MARKSMEIER ET AL., APPELLANTS AND CROSS-APPELLEES, V. MCGREGOR CORPORATION, NOW KNOWN AS MCGREGOR II, L.L.C., A DELAWARE LIMITED LIABILITY COMPANY, ET AL., APPELLEES AND CROSS-APPELLANTS.

722 N.W.2d 65

Filed October 6, 2006.   No. S-05-423.

Daniel P. Bracht, of Law Offices of Daniel P. Bracht, P.C., L.L.O., for appellants.

Lisa M. Meyer, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellees.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Jeffery J. Marksmeier was severely injured when the T-shirt he was wearing caught fire. Marksmeier, Beth Boston, and Harlan Boston (collectively the appellants) brought a product liability claim against McGregor Corporation (McGregor) and various "John Doe" defendants, alleging strict liability and negligence causes of action. After the original complaint had been filed, the appellants amended their complaint to add Delta Apparel, Inc. (Delta), as a defendant. The district court for Cuming County dismissed their amended complaint, and the appellants filed this appeal.

The issues in this appeal are whether the appellants' claims are barred by either the statute of repose or the statute of limitations. Finding that the appellants' claims are barred by the statute of

repose, we affirm the judgment of the district court which had entered summary judgment against the appellants.

## BACKGROUND

On April 20, 1999, Marksmeier was seriously injured when the T-shirt he was wearing caught fire while he was placing garbage on a burn pile. The T-shirt Marksmeier was wearing was a one-pocket black T-shirt with the registered trademark of the word "McGregor." The T-shirt was manufactured in Tennessee by Standard Knitting Mills, Inc., pursuant to a licensing agreement with McGregor. The licensing agreement was entered into on September 26, 1983, and granted Standard Knitting Mills permission to manufacture and distribute clothing, including T-shirts utilizing McGregor's trademarks.

In 1986, Standard Knitting Mills stopped manufacturing the type of T-shirt Marksmeier was wearing at the time of the accident. Two years later, Delta merged with Standard Knitting Mills and assumed the licensing agreement. Following the merger, Delta never manufactured one-pocket black T-shirts with McGregor's trademark. The licensing agreement expired on December 31, 1989. Pursuant to the licensing agreement, Delta was prohibited from selling any McGregor-licensed merchandise after June 30, 1990.

Neither Marksmeier nor his mother, Beth Boston, were able to affirmatively state when and how the T-shirt came into their possession. Marksmeier testified in his deposition that he had the T-shirt for "a couple of years" prior to the injury and that the shirt was probably "like a hand-me-down" shirt from "Goodwill." Beth Boston speculated in her deposition that the T-shirt could have come from Marksmeier's aunt. However, when specifically asked about the shirt's origin, she testified she did not know when or where she acquired the shirt.

On April 18, 2003, the appellants filed their original complaint, naming McGregor as a defendant and also naming various "John Doe" defendants. The "John Doe" defendants were alleged to be participants in the manufacture, sale, and distribution of the T-shirt at issue. The appellants alleged a product liability claim based upon theories of negligence and strict liability. The appellants eventually discovered the identity of Delta

and on August 25, 2003, filed an amended complaint naming Delta as an additional defendant.

Delta and McGregor filed motions for summary judgment alleging that the appellants' claims were barred by the 10-year product liability statute of repose and 4-year statute of limitations. McGregor also argued that it was entitled to summary judgment, since it did not manufacture the T-shirt in question. The district court sustained McGregor's motion for summary judgment, finding that McGregor was not the manufacturer of the T-shirt. The court therefore dismissed all claims against McGregor.

Delta's motion for summary judgment was denied. In so doing, the district court concluded that the unrefuted evidence showed that the T-shirt was manufactured in Tennessee no later than 1986 by Standard Knitting Mills. The court determined that the statute of repose in Tennessee for strict liability actions is 10 years from the date on which the product was first purchased or used for consumption. The court concluded that Tennessee's 10-year product liability statute of repose applied to strict liability theories of recovery but did not extend to product liability actions based on negligence. The court concluded that questions of fact existed and overruled Delta's motion.

Delta filed a motion for leave to reopen summary judgment, which was granted. After Delta submitted additional evidence, the district court sustained Delta's second motion for summary judgment. The court determined that pursuant to Neb. Rev. Stat. § 25-201.02(2) (Cum. Supp. 2004), the amended complaint filed by the appellants naming Delta as a defendant did not relate back to the original complaint and was therefore barred by the statute of limitations.

With regard to Delta's 10-year statute of repose argument, the district court found that Delta had offered uncontroverted evidence that the latest possible date the T-shirt could have been placed in commerce for sale to the consumer was June 30, 1990, approximately 13 years before the appellants filed their complaint. The court determined that Delta had presented a prima facie case that the 10-year statutory period of repose had expired prior to the appellants' filing of their complaint. The burden then shifted to the appellants to show that the first retail sale to the

original consumer occurred within the 10-year statute of repose. The district court determined that the appellants failed to produce any such evidence, and as a result, the court concluded that the 10-year statute of repose had expired on the appellants' strict liability claim.

In sum, the district court dismissed the appellants' amended complaint in its entirety as to all the defendants. The appellants then appealed the judgment of the district court, and Delta cross-appealed.

## ASSIGNMENTS OF ERROR

The appellants assign that the district court erred (1) in determining that the appellants' claims set forth in their amended complaint were barred by the applicable statute of limitations because, pursuant to § 25-201.02(2), the amended complaint did not relate back to the date the original complaint was filed and (2) in finding that there were no genuine issues of material fact relating to Delta's statute of repose and statute of limitations affirmative defenses.

In a cross-appeal, Delta assigns as error the district court's determination that Tennessee's statute of repose applied only to the appellants' strict liability theory of recovery and not to the appellants' negligence theory of recovery. We note that the appellants do not contend that it was error to dismiss McGregor, and thus, we do not consider any issues relating to McGregor in this appeal.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Didier v. Ash Grove Cement Co., ante* p. 28, 718 N.W.2d 484 (2006).

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Zannini v. Ameritrade Holding Corp.*, 266 Neb. 492, 667 N.W.2d 222 (2003).

## ANALYSIS

The first issue we address is Delta's argument raised in its cross-appeal that the district court erred in finding that the Tennessee statute of repose does not apply to negligence causes of action. We conclude, based on the relevant Tennessee statute and case law, that Tennessee's statute of repose does apply to negligence claims.

■ In the present case, the undisputed facts show that the T-shirt in question was manufactured in Tennessee. Nebraska's product liability statute provides in relevant part that for products manufactured outside of Nebraska, the product liability action must be commenced "within the time allowed by the applicable statute of repose, if any, of the state or country where the product was manufactured, but in no event less than ten years." Neb. Rev. Stat. § 25-224(2)(a)(ii) (Cum. Supp. 2004). Thus, the applicable statute of repose is Tennessee's statute of repose which provides:

> Any action against a manufacturer or seller of a product for injury to person or property caused by its defective or unreasonably dangerous condition must be brought within [the applicable Tennessee statute of limitations], but notwithstanding any exceptions to these provisions, it must be brought within . . . ten (10) years from the date on which the product was first purchased for use or consumption . . . .

Tenn. Code. Ann. § 29-28-103(a) (2000).

Tennessee courts have interpreted this statute to apply to both negligence and strict liability claims. See, *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 887 (W.D. Tenn. 1999) (explaining that "reference to 'any action' in § 29-28-103 has been interpreted broadly, and certainly encompasses Plaintiff's negligence and strict tort liability claims"); *Electric Power Bd. of Chattanooga v. Westinghouse*, 716 F. Supp. 1069, 1073 (E.D. Tenn. 1988) (stating that "[c]laims based on strict liability, negligence, warranty or 'any other substantive legal theory in tort or contract whatsoever' are subject to the statutory limitations prescribed in . . . § 29-28-103(a)"); *Jones v. Methodist Healthcare*, 83 S.W.3d 739 (Tenn. App. 2001) (finding that plaintiffs' negligence cause of action was barred by § 29-28-103(a)). In light of this well-reasoned authority, we conclude the Tennessee

statute of repose does apply to the appellants' strict liability and negligence claims.

We next address whether the district court correctly granted Delta's motion for summary judgment with regard to the expiration of the 10-year statutory period of repose. The appellants contend that genuine issues of material fact exist and that Delta failed to present evidence sufficient to make a prima facie case for summary judgment.

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Didier v. Ash Grove Cement Co., ante* p. 28, 718 N.W.2d 484 (2006). A party moving for summary judgment must make a prima facie case by producing enough evidence to demonstrate that the movant is entitled to judgment if the evidence were uncontroverted at trial. *Richards v. Meeske*, 268 Neb. 901, 689 N.W.2d 337 (2004). Once the moving party makes a prima facie case, the burden to produce evidence showing the existence of a material issue of fact that prevents judgment as a matter of law shifts to the party opposing the motion. *Id.*

The Tennessee statute of repose begins to run on "the date on which the product was first purchased for use or consumption." § 29-28-103(a). This statute is consistent with statutes of repose from Nebraska and other jurisdictions that provide that the statute of repose begins to run on the date the product is sold or delivered to a consumer as opposed to a sale or delivery to a dealer or intermediary. See, e.g., *Wilson v. Studebaker-Worthington, Inc.*, 699 F. Supp. 711 (S.D. Ind. 1987); *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 362 N.W.2d 35 (1985); *Chicopee, Inc. v. Sims Metal Works*, 98 N.C. App. 423, 391 S.E.2d 211 (1990); *Willis v. Herman Holtkamp Greenhouses, Inc.*, No. 01A01-9011-CV-00429, 1991 Tenn. App. LEXIS 467 (June 7, 1991).

In the present case, neither party was able to affirmatively state when the T-shirt was first sold to a consumer. Marksmeier testified in his deposition that he had the T-shirt for "a couple of years" prior to the injury and that the shirt was probably "like

a hand-me-down" shirt from "Goodwill." Beth Boston speculated that the T-shirt could have come from Marksmeier's aunt. However, when specifically asked, she testified she did not know when or where she acquired the shirt.

Like the appellants, Delta was also unable to point to the specific date the T-shirt was sold to a consumer. However, through the affidavit of Delta's vice president of sales, Delta presented uncontroverted evidence that it did not sell any McGregor-licensed products, including black T-shirts, through any trade channel after June 30, 1990. In light of this evidence, the district court found that the last possible date in which Delta could have delivered the T-shirt to a retailer for sale was June 30, 1990. The court determined that this evidence was sufficient to satisfy Delta's prima facie case for summary judgment, and the burden then shifted to the appellants to show that the first sale to a consumer occurred within 10 years of the filing of the complaint, i.e., within the 10-year window provided by the Tennessee statute of repose. The appellants were unable to do so, and as a result, the district court granted Delta's motion for summary judgment.

The appellants contend that summary judgment was improperly granted because there exists a genuine issue of material fact as to when the T-shirt was first sold to a consumer. Specifically, the appellants speculate that Delta could have sold the T-shirt to a retailer on or before June 30, 1990, and that the T-shirt could have remained, unsold, on the retailer's shelf until finally being sold to a consumer at some point within the 10-year period prior to the filing of their complaint. The appellants did not present any evidence to prove that the T-shirt indeed sat on a retailer's shelf for an extended period of time.

The Seventh Circuit in *Schamel v. Textron-Lycoming*, 1 F.3d 655 (7th Cir. 1993), addressed a similar argument. In *Schamel*, the plaintiff brought a wrongful death action against the defendant, a manufacturer of aircraft parts. The trial court granted the defendant's motion for summary judgment, finding that the plaintiff's product liability action was barred by the Indiana statute of repose. On appeal, the Seventh Circuit Court of Appeals affirmed the district court's judgment. The court found that the uncontradicted evidence showed the defendant had stopped manufacturing

the product 25 years before commencement of the action, the product was sold exclusively by the defendant's distributors, the product was last sold to a distributor 19 years before commencement of the action, and the latest date the product could have been sold was 16 years before the commencement of the action. *Id.*

In *Schamel*, the plaintiff argued that "a part could have stayed on one of the distributor's shelves to be sold [within ten years of the filing of the complaint] bringing the present action within the ten-year window provided by the Indiana statute of repose." 1 F.3d at 656. The court "reject[ed] the plaintiff's contention that the evidence [did] not support the award of summary judgment because the defendant did not establish that a part was not left on a distributor's shelf even after [the defendant] discontinued [the product]." *Id.* at 657. The court explained:

> A defendant need not rebut any and every possible factual scenario in order to obtain summary judgment. Rather, once the defendant had shown that it stopped distributing the part [16 years before filing the complaint], it became incumbent upon the plaintiff to create an issue of fact by making an evidentiary showing to the contrary. She did not. Her belated, unsupported hypothesis of parts in the pipeline is, in short, too little, too late.

*Id.* at 657-58.

We find the reasoning of *Schamel* to be persuasive. Like the defendant in *Schamel*, Delta presented uncontroverted evidence that it had stopped manufacturing one-pocket black T-shirts in 1986, 16 years before the appellants filed their complaint. Furthermore, Delta's evidence showed the last possible date it could have sold the T-shirt through a trade channel was June 30, 1990, approximately 13 years before the appellants filed their complaint. We conclude that this evidence is sufficient to satisfy Delta's burden of presenting a prima facie case for summary judgment.

The burden then shifts to the appellants to produce evidence showing the existence of a material issue of fact that would prevent judgment as a matter of law. We reject the appellants' assertion that a genuine issue of material fact exists as a result of their argument that the T-shirt at issue could have possibly remained unsold on a retailer's shelf until eventually being

purchased by a consumer within the 10-year statute of repose. Similar to the plaintiff in *Schamel v. Textron-Lycoming*, 1 F.3d 655 (7th Cir. 1993), the appellants in the present case have failed to present any evidence to support their contention that the T-shirt sat on a retailer's shelf. In this regard, we have specifically stated that "[c]onclusions based on guess, speculation, conjecture, or a choice of possibilities do not create material issues of fact for purposes of summary judgment." *Richards v. Meeske*, 268 Neb. 901, 909, 689 N.W.2d 337, 344 (2004). Because the appellants have failed to show the existence of a material issue of fact, we conclude the district court did not err in granting Delta's motion for summary judgment. Because the statute of repose bars the appellants' negligence and strict liability claims, the district court did not err in dismissing the appellants' amended complaint as to all their claims.

This ruling is dispositive; therefore, we need not address the appellants' other assignments of error.

### CONCLUSION

Delta was entitled to summary judgment because the 10-year statute of repose had expired on the appellants' negligence and strict liability claims. Accordingly, we affirm the judgment of the district court dismissing the appellants' amended complaint.

AFFIRMED.

HENDRY, C.J., not participating.