JANET J. GRANGE, APPELLANT, V.
THOMAS W. GRANGE, APPELLEE.
725 N.W.2d 853

Filed December 19, 2006.    No. A-06-502.

Michael B. Lustgarten, of Lustgarten & Roberts, P.C., L.L.O., for appellant.

Steven M. Delaney and Laura R. Hegge, of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee.

SIEVERS, CARLSON, and CASSEL, Judges.

CASSEL, Judge.

Janet J. Grange appeals from a summary judgment entered on the motion of Thomas W. Grange, which judgment dismissed Janet's 2005 complaint for modification of decree seeking additional parenting time and reduction of child support. Viewed in the light most favorable to Janet, the evidence shows that although she had completed her surgical residency at the time of an earlier modification, her work schedule was later reduced and became more predictable, and that after the last modification, Thomas had realized additional income from his interest in a retail optical shop. Because Thomas failed to prove that there had been no material change of circumstances, we reverse the judgment and remand the cause for further proceedings.

## BACKGROUND

In 1999, Janet and Thomas agreed upon a parenting plan. The plan recognized that both were fit and proper persons to have

custody of the three then-minor children. The parties agreed that "it [was] in the best interests of the minor children that [Janet] and [Thomas] be awarded joint legal custody" and that "primary residential care" would "rest" in Thomas, "with parenting time and parental rights adhering to [Janet] as specified." The parties agreed to cooperate "so as, in a maximum degree, to advance the children's health, emotional, and physical well-being and to give and afford the children the affection of both parents and a sense of security." The parties agreed to visitation on alternating major holidays, on certain other special days and events, and for vacation times. The agreement further specified that Janet "shall have weekly parenting time with the minor children on one evening a week and alternating weekends. The specific times for the weekly visitations should be arranged by the parties, taking into consideration the activities of the three minor children and the work schedules of each parent."

By a decree entered on June 25, 1999, the district court dissolved the parties' marriage, determined that "the parties [were] fit and proper persons to be awarded the joint legal custody of the three minor children, with primary residential care in [Thomas], subject to [Janet's] rights of reasonable and liberal parental access or visitation as set forth in the parties' Parenting Plan," and ordered Janet to pay child support. The decree noted that Janet "[was] a resident in training to be a surgeon and that upon completion of her training[,] the child support obligation shall be reviewed." To that end, the parties agreed to exchange tax returns annually until the "last" minor child reached the age of majority.

The decree incorporated a child support calculation, based upon the joint custody worksheet, requiring Janet to pay $433 per month as support. The worksheet was premised upon Janet's gross monthly income of $2,540 and Thomas' gross monthly income of $7,590.

On August 13, 2001, Thomas filed an application to modify the decree, alleging that Janet had "completed her resident in training and ha[d] gone into private practice, thus raising her income level." Initially, Janet filed only a responsive pleading in the nature of a general denial. She later filed a cross-application to modify the decree, seeking to obtain custody of the oldest child (who has now attained the age of majority) and to adjust

the support obligations. Although none of the subsequent orders affirmatively granted Janet's requested change of custody concerning the oldest child, we infer from the child support established that the change took place.

By an order entered on August 15, 2002, the district court established child support retroactive to September 1, 2001, in the amount of $513 for three children, $1,085 for two children, and $1,407 for one child. That order also purported to award Janet $2,000 for the services of "his" attorney.

The child support calculations attached to the August 15, 2002, modification order show a split custody calculation for three children and also attach a basic custody calculation for two children. The basic custody calculation shows Janet's gross monthly income as $10,000, Thomas' gross monthly income as $8,788, and, after various appropriate deductions, the total monthly support for two children as $2,035 and for one child as $1,407. Based upon Janet's 53.24 percent share of the parties' monthly net income, the worksheet calculates her share of the total support for two children to be $1,083.43. However, the calculation fails to apply her percentage share of monthly income to the total monthly support amount for one child, thereby in effect requiring Janet to pay 100 percent of the total monthly support for one child.

By an order nunc pro tunc entered on August 20, 2002, the court recognized a scrivener's error in the earlier order and amended the last paragraph to award attorney fees to Thomas rather than to Janet. Further, the order nunc pro tunc amended the earlier order to expressly state that Janet was the person required to pay child support. However, the order nunc pro tunc did not address the error in calculating child support discussed above.

On August 23, 2002, Thomas filed a motion for "clarification" of the August 15 order. Because the motion for clarification refers to the mistaken award of attorney fees to Janet, we infer that at the time of filing Thomas' motion for clarification, he was unaware of the district court's August 20 order nunc pro tunc. Thomas' motion further asserted that "the calculation that the Court uses is for a split custody calculation which should not be used until April 1, 2002[,] when the oldest child went to live

with [Janet]" and that "the figures used by the Court are turned around as they relate to one, two, and three children."

By a supplemental order entered on December 18, 2002, which was prepared and submitted by Thomas' attorney and "approved as to form and content" by Janet's attorney, the court established child support to be paid by Janet at the rate of $513 for three children, $1,085 for two children, and $1,407 for one child. Attached to the order were calculations showing the total monthly support amounts of $2,429 for three children, $2,035 for two children, and $1,407 for one child. The calculation then applied Janet's rounded percentage of 54 percent to each of those amounts, resulting in her monthly support share being $1,287 for three children, $1,078 for two children, and $745 for one child. The attachment then set forth a rudimentary split custody calculation, arriving at Janet's net monthly obligation of $508 for three children and calculating back support for 7 months apparently ending with the month of March 2002 at $1,287 per month for three children and for 5 months from April through August 2002 at $508 per month. The total of these amounts is further reduced by sums apparently paid under the decree. The supplemental order ultimately required Janet to pay a judgment of $3,720 representing back child support, which amount was payable in monthly installments of $300.

No appeal was taken from any of these orders.

We now arrive at the proceedings leading to the instant appeal. On February 25, 2005, Janet filed a complaint for modification of the decree, styled as an application to modify. At the time of this filing, the oldest child had attained the age of majority and the second child was nearly 17 years of age. Janet's application focused upon the parties' youngest child, who was then 9 years old. Janet's application set forth five factual allegations regarding a material change in circumstances. In the discovery process, Janet abandoned one of these factual assertions, and we do not address it any further.

Janet alleged that she "ha[d] completed her residency and [was] a surgeon in private practice with a standard 9:00 a.m. to 5:30 p.m. Monday through Friday work week"; that the youngest child had "repeatedly asked [Janet] to be allowed to spend

more time with [Janet]"; that despite Janet's requests for a "more equal sharing of parenting time," Thomas had refused to allow more time "than what had been set during [Janet's] residency period"; and that Thomas had "routinely used his title of primary residential parent to relegate [Janet] to the status of visiting non-custodial parent" and had not "allowed [Janet] to be able to participate and share in the parenting of the minor children."

In addition to describing the error in the original calculations, Janet alleged that since the entry of the supplemental order, "the incomes of the parties have changed, . . . which constitutes a change of circumstances requiring a modification of the child support to be paid."

Thomas filed a responsive pleading admitting certain allegations, denying others, and setting forth various affirmative defenses, including the doctrine of res judicata.

On March 10, 2006, Thomas filed a motion for summary judgment. A short time later, Thomas filed a motion to dismiss Janet's application, based upon the doctrine of unclean hands.

On March 24, 2006, the district court conducted an evidentiary hearing on both motions. The documentary evidence received generally consisted of copies of earlier documents in the proceedings, such as the property settlement agreement, the parenting plan, the decree of dissolution, the earlier application to modify, and the various orders previously entered by the court, as well as the parties' recent depositions and certain other documents. To the extent necessary, the documentary evidence will be discussed in the analysis section of this opinion.

By a summary judgment entered on April 3, 2006, the district court sustained Thomas' motion and dismissed Janet's application to modify decree. The court also determined that Thomas' motion to dismiss was moot. In granting Thomas' motion for summary judgment, the court stated:

> [Janet] bears the burden of showing a material change in circumstance before the Court will entertain an application to modify visitation or custody. This she has failed to do. She initially relies on the fact that she has completed her residency and now works a more standard work schedule. However, this is not a change of circumstance from the last time the parties were before this Court in 2002 on

their cross-applications to modify. At that time, she had already completed her residency, but sought no change in visitation or custody with respect to the two younger children. [Janet's] further reliance on an alleged request by her daughter to spend more time with her does not constitute a material change in circumstance. Neither do [Janet's] own wishes or requests made to [Thomas] concerning more time, nor her conclusory allegation that the original arrangement is not working. [Janet's] further claim that she has been relegated to the status of a visiting non-custodial parent also does not state a material change. The fact is, she *is* a visiting non-custodial parent, through a custody and visitation schedule she not only agreed to, but that was drafted by her own counsel. She cites the fact that the consent decree acknowledged [she] was a resident in training and her child support obligation would be reviewed upon completion of her training. That was, in fact, accomplished by way of the previous motion to modify the decree and, consequently, custody of one child and child support for the other two were modified accordingly. Her reference to an error in the child support calculations in the previous order not only does not state a change in circumstance, but cannot be raised at all, as she did not appeal from the previous order and may not collaterally attack it at this juncture.

(Emphasis in original.)

Janet timely appeals.

## ASSIGNMENTS OF ERROR

Janet asserts that the district court erred in granting Thomas' motion for summary judgment and in dismissing her application to modify decree.

## STANDARD OF REVIEW

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Marksmeier v. McGregor Corp.*, 272 Neb. 401, 722 N.W.2d 65 (2006). To the extent questions of law are involved, an appellate court is obligated to reach

conclusions independent of the decisions reached by the court below. *Garza v. Kenney*, 264 Neb. 146, 646 N.W.2d 579 (2002).

## ANALYSIS

*Motion for Summary Judgment Appropriate.*

In Janet's brief, she claims both to have made an extensive search of case law relating to motions for summary judgment and to have found no cases where summary judgment motions in divorce modification actions were reviewed. Thomas responds that the nature of the proceeding is irrelevant in assessing whether he was entitled to summary judgment and that Nebraska's civil procedure does not limit summary judgment practice to particular categories or topics of actions. We assume without deciding that in an appropriate case, the summary judgment procedure may be utilized in a proceeding to modify a decree of dissolution of marriage.

*Only Changes Since 2002 Modification Considered.*

■■■ Ordinarily, custody of a minor child will not be modified unless there has been a material change in circumstances showing that the custodial parent is unfit or that the best interests of the child require such action. *Heistand v. Heistand*, 267 Neb. 300, 673 N.W.2d 541 (2004). Janet argues that because the issue of parenting time with the two younger children was not raised as an issue in the 2002 modification action, she need only show a material change in circumstances from the date of the original 1999 decree. Thomas argues that the change in circumstances must have occurred since the time of the most recent modification of the decree. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the controversy before it. *Castillo v. Young*, 272 Neb. 240, 720 N.W.2d 40 (2006). Because of the way we view the principal question before us, we assume without deciding that we must limit our review in the instant appeal to the circumstances arising after the 2002 modification.

*Summary Judgment on Visitation Issue.*

■ As we turn to the critical issues before us, we recall that summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in

dispute. *Strong v. Omaha Constr. Indus. Pension Plan*, 270 Neb. 1, 701 N.W.2d 320 (2005). After a full evidentiary hearing on a complaint for modification, a court would consider whether the party seeking modification had met his or her burden to show a material change of circumstance. See *Tremain v. Tremain*, 264 Neb. 328, 646 N.W.2d 661 (2002). At that point, Janet would have had the burden of establishing that there had been a material change in circumstances.

But, in the context of summary judgment, the roles are reversed. The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Dutton-Lainson Co. v. Continental Ins. Co.*, 271 Neb. 810, 716 N.W.2d 87 (2006). In this context, Thomas had the burden to prove that there had not been any material change in circumstances.

The rules concerning summary judgments also control the way we must consider the evidence in the record. In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Didier v. Ash Grove Cement Co.*, 272 Neb. 28, 718 N.W.2d 484 (2006). We thus view the evidence most favorably to Janet and focus on whether, viewed in that light, Thomas succeeded in proving that there had been no material change of circumstances.

A decree of divorce, insofar as minor children are concerned, is never final in the sense that it cannot be changed, but is subject to review at any time in the light of changing conditions. See *Matson v. Matson*, 175 Neb. 60, 120 N.W.2d 364 (1963). Thomas attributes great importance to the parties' agreement upon a parenting plan and, citing *Desjardins v. Desjardins*, 239 Neb. 878, 479 N.W.2d 451 (1992), contends that a consent decree is accorded greater force than an ordinary judgment. That case concerned an effort to modify alimony, which implicates a different statute than the provision governing modification of visitation. See Neb. Rev. Stat. § 42-365 (Reissue 2004) (authorizing modification of alimony for good cause). While we agree that the fact the parties agreed upon the present visitation is an

important consideration, we do not attach as much significance to the parties' agreement as Thomas urges. We now turn to the controlling definition.

A material change in circumstances means the occurrence of something which, had it been known to the dissolution court at the time of the initial decree, would have persuaded the court to decree differently. *Heistand v. Heistand,* 267 Neb. 300, 673 N.W.2d 541 (2004). We bear in mind that the definition refers to "circumstances" in the plural form; thus, we disapprove of the district court's approach in considering whether each individual factor constituted a material change. Where, as in the case before us, the party seeking modification advances multiple reasons for modification, we consider all of the facts and circumstances raised by the evidence to determine whether there has been a material change.

Thomas argues that the parties were aware in 1999 that Janet's residency would end. He also argues that the change had already occurred prior to the last modification in 2002. Janet's testimony showed that not only had her residency ended, but since 2002, her work schedule had changed. She testified that her work schedule had diminished to a "9:00 to 5:30" job and denied that she had a similar work schedule in 2002. She claimed that in 2002, she was just starting her general surgery practice and needed to be available for consultations and emergency room work. She characterized her schedule in 2002 as "[u]npredictable."

The district court emphasized the completion of Janet's residency at the time of the 2002 modification but failed to focus on the change in Janet's schedule. Where the issue concerns visitation, a significant change in a party's work schedule may well constitute a material change in circumstances sufficient to reopen the extent of visitation.

Janet testified that the youngest child had requested more parenting time with Janet. Janet also testified that at the time of entry of the decree, she expected that her parenting time would be adjusted as her employment allowed. That testimony also raises an inference that in 2002, she expected that as her work schedule diminished and became predictable, her parenting time would increase. Janet also testified that Thomas had failed to accommodate her requests for more parenting time. While the

youngest child's requests for more time with Janet and Janet's testimony regarding Thomas' failure to accede to her requests for more visitation are of lesser importance, considering all of the evidence in the light most favorable to Janet, we cannot conclude that Thomas met his burden to show that there had been no material change in circumstances. We determine that the district court erred in granting summary judgment on the issue of visitation.

*Summary Judgment on Support Issue.*

Thomas contends that the district court correctly granted summary judgment as to modification of child support, because the miscalculation at the time of the last modification does not constitute a material change in circumstances. In the absence of proof of new facts and circumstances arising since the time of the original decree, an allowance of child support therein will be deemed res judicata. *Rauch v. Rauch*, 256 Neb. 257, 590 N.W.2d 170 (1999). The district court correctly recognized that no appeal was taken from the 2002 modification order and implicitly applied that doctrine.

There is some authority suggesting that a mistake of this type may be subject to correction under the equitable powers of the district court. See *Griess v. Griess*, 9 Neb. App. 105, 608 N.W.2d 217 (2000). However, in the case before us, we need not consider that question, because both Thomas and the district court failed to recognize that Janet's claim for modification of the decree on the issue of child support also rests on an assertion that the incomes of the parties have changed.

As we detailed above, Janet intermingled her allegation that the 2002 order was erroneous with an assertion that the parties' incomes had changed. There is evidence in the record that Thomas had been a shareholder in a retail optical shop for only 2 years before his deposition in March 2006. Viewed in the light most favorable to Janet, this would have occurred after the last modification. He testified to his portion of the profits from the optical shop in 2004, which portion was a substantial sum. He also testified that the total distribution to him from that firm in 2005 would have been a larger amount—approximately double the amount from 2004. He testified that these distributions were

in addition to his salary from a separate firm that provided professional eye examinations.

At the very least, this evidence raises an inference that a proper calculation under the child support guidelines would result in a variation of Janet's support obligation by 10 percent or more and $25 or more, which would establish a rebuttable presumption of a material change in circumstances. See Nebraska Child Support Guidelines, paragraph Q.

On this record, we cannot agree that Thomas met his burden to prove that there had been no material change of circumstances on the issue of child support. We conclude that the district court erred in granting summary judgment on this issue.

## CONCLUSION

Viewing the evidence in the light most favorable to Janet, we cannot agree that Thomas met his burden of proving that there had been no material change of circumstances since the decree was last modified in 2002. We conclude that the district court erred in granting summary judgment for Thomas and dismissing Janet's complaint for modification. We reverse the judgment of the district court and remand the cause to that court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.