IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

KITT V. KITT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CHRISTINA M. KITT, NOW KNOWN AS CHRISTINA M. ALSOP, APPELLEE,

V.

VAN C. KITT, APPELLANT.

Filed August 13, 2019.   No. A-18-655.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Reversed and remanded with directions.

Amie C. Martinez and Megan M. Zobel, of Anderson, Creager & Wittstruck, P.C., L.L.O., for appellant.

Terrance A. Poppe and Anne E. Brown, of Morrow, Poppe, Watermeier & Lonowski, P.C., for appellee.

PIRTLE, ARTERBURN, and WELCH, Judges.

PIRTLE, Judge.

INTRODUCTION

Van C. Kitt appeals from an order entered in the district court for Lancaster County which dismissed his complaint for modification requesting custody of his two minor children; determination of parenting time for the biological mother of the children, Christina M. Kitt, now known as Christina M. Alsop; and a review of child support. Van argues that the district court erred in finding that he failed to meet his burden of proof either as to a material change of circumstances or that a change in custody would be in the best interests of the children. For the reasons that follow, we reverse, and remand with directions.

- 1 -

BACKGROUND

Van is the father and Christina is the mother of two minor children, Dean, born in 2010, and Josie, born in 2012. Van and Christina were divorced in April 2016. Christina was awarded custody of Dean and Josie, subject to Van's right to parenting time. Shortly after the decree was entered, Christina moved with the children from Ogallala to Lincoln, as she had testified at the divorce hearing she was going to do. In addition to Dean and Josie, Christina also brought Madison, her older daughter from a prior marriage, to live with them in Lincoln.

During the divorce, Christina testified that she wanted to begin working with autistic children. Christina was initially working at a daycare in Lincoln, but determined that the hours did not fit her needs. She quit working at that position and moved to working as a nail tech. She then began training to become a massage therapist, which she was still taking classes for at the time of the hearing. In addition to this work, Christina occasionally worked as an exotic dancer. She had previously worked in this capacity before having children, but returned to this line of work to supplement her income after the divorce. Christina testified that she would usually dance only if the children were visiting Van for the weekend, but she did note that there were a couple of times in 2016 when she worked as a dancer and the children stayed with a babysitter.

At the time of the divorce, Dean had only just entered kindergarten and Josie was not yet in school. Since the divorce Dean has struggled in school, being held back a year in kindergarten. His teacher noted that he was having issues paying attention in class. Josie passed kindergarten, but was reported as below average for her class. Both of the children have had issues with attendance, having been issued warnings for missing 10 or more days.

In light of these issues, Van filed a complaint for modification in May 2017 requesting custody of the children. A hearing was held in April 2018. The district court found that Van had failed to meet his burden of proof and dismissed the complaint to modify. Van subsequently filed a motion for new trial and\or reconsideration which was also denied. Van appeals from the order of the district court.

ASSIGNMENTS OF ERROR

On appeal, Van assigns that the district court erred in (1) finding that he failed to meet his burden of proof that there had been a material change of circumstances and (2) finding that he failed to meet his burden of proof that a change of custody would be in the best interests of the children.

STANDARD OF REVIEW

Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. *Hopkins v. Hopkins*, 294 Neb. 417, 883 N.W.2d 363 (2016). An abuse of discretion occurs when a trial court bases its decision upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Schrag v. Spear*, 290 Neb. 98, 858 N.W.2d 865 (2015). A judicial abuse of discretion requires that the reasons or rulings of the trial court be clearly untenable insofar as they unfairly deprive a litigant of a substantial right and a just result. *Id.*

In child custody cases, where the credible evidence is in conflict on a material issue of fact, the appellate court considers, and may give weight to, the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Id.*

ANALYSIS

Custody of a minor child will not be modified unless there has been a material change of circumstances showing that the custodial parent is unfit or that the best interests of the child require such action. *Id.* After a court has determined that there has been a material change in circumstances, the next inquiry is whether the best interests of the children compel a change of custody. *State on behalf of Savannah E. & Catilyn E. v. Kyle E.*, 21 Neb. App. 409, 838 N.W.2d 351 (2013). The district court, in its order, did not specify whether Van had failed to meet his burden of proof as to a material change of circumstances or whether a change in custody would be in the children's best interests. This lack of specificity makes it more difficult to analyze the order. We initially analyze whether there was a material change of circumstances impacting the best interests of the child.

A party seeking to modify a child support order must show a material change of circumstances which occurred subsequent to the entry of the original decree or a previous modification which was not contemplated when the prior decree was entered. *Gallner v. Hoffman*, 264 Neb. 995, 653 N.W.2d 838 (2002). In the context of marital dissolutions, a material change of circumstances means the occurrence of something which, had it been known to the dissolution court at the time of the initial decree, would have persuaded the court to decree differently. *Id.*

The essence of Van's argument is that there has been a material change of circumstances based on three issues: (1) the children's educational needs are not being met, (2) Christina did not complete her education as she originally indicated and has returned to exotic dancing, and (3) Christina allowed the children to be cared for by individuals with criminal records.

We concur with Van that there has been a material change of circumstances. First, the issue of the children's education is concerning to us. The testimony of Dean and Josie's teachers indicates that both Dean and Josie are having issues in school with Dean being required to repeat a grade and Josie considered below the expected level of children entering the first grade. In particular, it is disturbing that the children each missed more than 10 days of school in the previous school year for which warnings were sent to Christina. This follows the pattern with her other child, Madison, who also missed a significant amount of school. We acknowledge that teenagers and young children are quite different in their educational needs and how they react to school, but the evidence demonstrates that Christina has been unable or unwilling to ensure her children are attending school. We do note that Christina has taken steps to curtail these issues, including a policy that the children must attend school unless they have a fever or are "throwing up," and by enrolling Josie and Dean in an afterschool tutoring program. However, we also note that each of these changes occurred after the filing of the complaint as trial approached.

We also look to the issue of Christina's exotic dancing and choice of care providers for the children. The record does demonstrate that Van was aware that Christina was an exotic dancer prior to his relationship with her. However, the record also shows that during the marriage she was not dancing and that she only returned to exotic dancing after the entry of the decree. We are less

concerned that she did not follow the specific educational path she outlined at the time of the decree, but more concerned that her return to dancing has created a material change of circumstances. While there was testimony that the children were unaware of Christina's dancing and that she usually only danced when the children were staying at Van's for the weekend, Christina admitted that there were a number of times that she left the children with babysitters in order to dance for the weekend. The evidence indicated that Christina's older daughter was often utilized for childcare, as well as her boyfriend. The record demonstrates that the older daughter was on probation in the juvenile court due to marijuana use. Her boyfriend also had drug-related convictions. Other caregivers utilized also had a history of criminal convictions.

Based on these issues, it was an abuse of discretion for the court to dismiss the complaint as our de novo review shows that Van did meet his burden of proof that there had been a material change in circumstances. Even if we were to find that the allegations of a material change of circumstance individually failed, we must bear in mind that we are analyzing a change in circumstances in the plural form. Therefore, we must consider whether the sum of the circumstances constitutes a material change, not whether each individual circumstance constitutes a material change. See *Grange v. Grange*, 15 Neb. App. 297, 725 N.W.2d 853 (2006). Here, the sum of the circumstances supports a finding that a material change has occurred. As such, we reverse the court's dismissal of the complaint on these grounds.

The next step of a modification of custody proceeding is the court must determine whether the best interests of the children warrant a modification of the decree. At best it is unclear if the court performed this analysis given the order that was entered. We also note that evidence (good and bad) was presented regarding Van that must be weighed in a best interests analysis. Thus, we remand the case for the court to perform the best interests analysis and determine if modification is appropriate.

## CONCLUSION

We find the district court abused its discretion in finding that Van failed to meet his burden of proof as to a material change of circumstances. Therefore, we reverse the finding of the district court and remand the cause to the district court to conduct an analysis of the best interests of the children.

REVERSED AND REMANDED WITH DIRECTIONS.