STATE OF NEBRASKA EX REL. HARRY P. ANDERSEN ET AL., APPELLANTS, v. EUGENE A. LEAHY ET AL., APPELLEES.
199 N. W. 2d 713

Filed August 4, 1972.   No. 38433.

Warren S. Zweiback and Mark L. Laughlin, for appellants.

Herbert M. Fitle, Frederick A. Brown, and Seymour L. Smith, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and RONIN, District Judge.

WHITE, C. J.

This is a mandamus action. The essential question is whether the ordinance annexing the City of Millard to Omaha may be attacked and repealed by a vote

of the electors of Omaha on an initiative petition. The district court denied relief and we affirm.

The background history of this litigation is as follows. On December 5, 1967, the city council of Omaha passed ordinance No. 24496, annexing Millard. This ordinance, by its terms, became effective 16 days after passage, or on December 21, 1967. It was attacked by suit in district court, judgment being against Millard. This court affirmed June 5, 1970. City of Millard v. City of Omaha, 185 Neb. 617, 177 N. W. 2d 576. An appeal to the United States Supreme Court was rejected March 8, 1971 (28 L. Ed. 2d 234). Motion for rehearing was overruled April 19, 1971 (29 L. Ed. 2d 664). On December 13, 1967, a temporary injunction was allowed, containing reciprocal restraints. It was allowed by agreement of the parties, and had no provisions preventing the circulation of a referendum petition during the statutory 15 days allowed therefor.

On May 3, 1971, the petitions in suit were filed with the demand that the city clerk examine the petitions to ascertain the number of qualified electors signing same; and that if the number of signatures were sufficient the council proceed to repeal ordinance No. 24496, or submit the question of its repeal to the electors of Omaha, as it exists, with Millard annexed.

In holding the Millard annexation valid, this court stated the basic law applicable, which is the law of this case, as follows:  " "* * * The State, therefore, at its pleasure may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. *All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unre-*

*strained by any provision of the Constitution of the United States.'* This language was reaffirmed in Sailors v. Board of Education, 387 U. S. 105, 87 S. Ct. 1549, 18 L. Ed. 2d 650." (Emphasis ours.) City of Millard v. City of Omaha, *supra.*

Therein we also said: "The protection of such persons and property is a matter of state concern and in fulfillment of its duties in this respect, the state must fix the rules and regulations pertaining to annexation procedures. * * *

"Municipal corporations are legislative creations and as such, subject to dissolution by legislative action. See Burger v. City of Beatrice, 181 Neb. 213, 147 N. W. 2d 784."

Under section 14-117, R. R. S. 1943 (metropolitan cities annexation statute), the former territory of the City of Millard became annexed to and a part of Omaha on or about December 21, 1967. The record shows extensive assumptions of obligation by Omaha of governmental powers and responsibilities including police, health, and fire protection duties and the merging of fiscal and tax authority.

It is conceded that no referendum petition was filed as prescribed by section 14-211, R. R. S. 1943, and therefore it appears under the express terms of that statute that no action was taken to delay the effectiveness of the annexation ordinance.

The petition herein was filed under section 14-210, R. R. S. 1943, relating to initiative petitions which provides in pertinent part: "The right to enact ordinances for any metropolitan city is hereby granted to the qualified electors of such city, but such grant is made upon the following conditions and in addition to the right herein granted to the council to legislate: * * *."

Extensive argument is made as to whether an initiative process may be used to repeal an ordinance or statute. It appears that it may be so used. See, Klosterman v. Marsh, 180 Neb. 506, 143 N. W. 2d 744; 82 C. J. S., Stat-

utes, § 120, p. 199; Annotation, 33 A. L. R. 2d 1118.

We do not reach that question in resolving the issue in this case. It appears conclusively from what we have said that Millard became annexed and incorporated into the City of Omaha on December 21, 1967. It has been a part of Omaha, Nebraska, since then, and its residents legal voters and electors of that city as the petitions relied upon by relators demonstrate. So the question here becomes whether the initiative process may be used to detach or de-annex that portion of Omaha which was Millard prior to the time the annexation ordinance went into effect.

There is no doubt that the detachment of territory from a municipal corporation, like annexation, is a matter of statewide concern, and not one of local or municipal concern.

In Village of Niobrara v. Tichy, 158 Neb. 517, 63 N. W. 2d 867, this court said: "A municipal corporation may not, without the sanction of the state by constitutional provision or legislative enactment, annex territory to its corporate area *or change its boundaries.*" (Emphasis ours.)

In MacGowan v. Village of Gibbon, 94 Neb. 772, 144 N. W. 808, it was held: "The power to change lawfully established boundaries of a municipality and to define the terms on which territory may be detached therefrom is legislative." See, also, 2 McQuillin (1969 Rev. Ed.), Municipal Corporations, § 724, p. 400.

The Legislature, in delegating this power, specifically did not grant power to cities of the metropolitan class (Omaha) to detach or contract its boundaries. It only grants power to extend (annex) its boundaries. A little reflection on the chaotic practical effects of permitting whimsical or ill-considered detachment or de-annexation reveals the strong policy considerations for such a denial by the Legislature. We point out that section 17-414, R. R. S. 1943, does permit detachment to cities of the second class and villages, an obviously different situ-

ation. Neither did the original metropolitan cities act, enacted in 1921, now sections 14-117 to 14-125, R. R. S. 1943, or any subsequent statute, permit such detachment or contraction of Omaha's boundaries.

This being true, we reach the crucial holding in this case. It is that an ordinance proposed by the electors of a city under the initiative law must constitute such legislation as the city council or the legislative body of the city has the power to enact under the delegated powers granted and defined by the state Legislature. 5 McQuillin (1969 Rev. Ed.), Municipal Corporations, § 16.54, p. 208; 42 Am. Jur. 2d, Initiative and Referendum, § 7, p. 655; Dewey v. Doxey-Layton Realty Co., 3 Utah 2d 1, 277 P. 2d 805; Gamrin v. The Mayor and Council of Englewood, 76 N. J. Super. 555, 185 A. 2d 55; Lindsley v. Dallas Consol. St. Ry. Co. (Tex. Civ. App.), 200 S. W. 207; 2 McQuillin (1969 Rev. Ed.), Municipal Corporations, § 7.24, p. 400; Newsom v. Board of Supervisors (Cal.), 261 P. 990; Village of Beachwood v. Board of Elections, 167 Ohio 369, 148 N. E. 2d 921; Pittsburgh, C., C. St. L. Ry. Co. v. City of Anderson, 176 Ind. 16, 95 N. E. 363; 62 C. J. S., Municipal Corporations, § 454, p. 872; Custer City v. Robinson, 79 S. D. 91, 108 N. W. 2d 211.

The relators' contention, at bottom, is based on the untenable premise that annexation is a matter of statewide concern, under the Legislature's direction but that detachment is a matter of local concern. Such a position flies in the face of our decisions to the contrary, is logically inconsistent, and would enable the local electorate to harass and whimsically destroy the Legislature's statewide law-making power under the Constitution.

We therefore hold that after Millard became legally annexed, the initiative process provided for under section 14-210, R. R. S. 1943, could not be invoked to detach or de-annex the territory that was formerly Millard and that the district court was correct in denying man-

damus to compel the honoring of the petitions and the placing of the issue on the ballot.

In light of our decision it is not necessary to pass on the numerous other issues extensively argued in the briefs.

The judgment of the district court is correct and is affirmed.

AFFIRMED.