771 N.W.2d 565 (2009)
278 Neb. 500
Roger JOHNSON, Appellant,
v.
Kathryn L. ANDERSON and Robert Broberg, Copersonal Representatives of the Estate of Aner Anderson, deceased, Appellees.
No. S-08-811.
Supreme Court of Nebraska.
September 4, 2009.
*566 George H. Moyer, Jr., of Moyer, Egley, Fullner & Montag, Madison, for appellant.
*567 Mark D. Fitzgerald, of Fitzgerald, Vetter & Temple, Norfolk, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Roger Johnson (Roger) appeals the decision of the Madison County District Court, which granted summary judgment in favor of Kathryn L. Anderson (Kathryn) and Robert Broberg (Robert), copersonal representatives of the estate of Aner Anderson (Aner). The court found that Roger had not produced evidence sufficient to establish the existence of a contract to make a will pursuant to Neb. Rev. Stat. § 30-2351 (Reissue 2008). We affirm the decision of the district court.

SCOPE OF REVIEW
In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. In re Estate of Ronan, 277 Neb. 516, 763 N.W.2d 704 (2009).

FACTS
Aner died testate on August 9, 2005. A will dated September 18, 2003, was admitted into probate, and pursuant to that will, Kathryn and Robert were appointed as copersonal representatives. Roger objected to the probate of that will on the ground that he believed Aner had executed a joint and mutual will in 1982 with his wife, Mildred Anderson (Mildred), which contained a contract that the will would not be revoked. When Roger's objections to the probate of the September 2003 will were unsuccessful, he sought to impose a constructive trust on the assets of the estate for the beneficiaries of the 1982 will.
Roger is the nephew of Aner and Mildred, both deceased. Roger had resided with Aner and Mildred in Tilden, Nebraska, while he attended high school from 1949 to 1953. After graduation, Aner paid for Roger to attend mortuary school and eventually invested in Roger's mortuary businesses in Wisner and Wayne, Nebraska. Aner and Mildred visited Roger's home for holidays, christenings, and the birthdays of Roger's children.
Roger testified that in 1982, Aner and Mildred brought two envelopesone sealed and one unsealedto him for safekeeping. He stated that they represented that the sealed envelope contained their will and that the unsealed envelope contained an unsigned copy of the will. Roger said that in their presence, he read the unsigned copy, which appointed him as the personal representative of the estate, devised one-half of the residue of the estate to Roger and his immediate family, and devised the other half of the residue to Aner's surviving brothers and sisters.
The unsealed envelope's return address was that of the law firm of "Brogan & Stafford, P.C.," in Norfolk, Nebraska. Attorney Thomas E. Brogan prepared all of Aner's subsequent wills and powers of attorney. Brogan testified that the copy of the 1982 will was printed on paper that he used, but that he did not remember the 1982 will and that "[i]t probably was never signed" and "it probably was never executed."
Mildred died in 1996, but no will was presented for probate. Roger testified that in 1998, Aner retrieved the sealed envelope he had given Roger in 1982. Roger said Aner gave him another sealed envelope containing what Aner represented *568 to be a new will. In the 1998 will, Kathryn, who is of no relation to Aner, was made a copersonal representative with Roger. Kathryn was employed at a financial investment company, and she met Aner when he was executor of his sister's estate. Later, Aner retrieved the 1998 will from Roger. Aner did not ask Roger to keep any subsequent wills.
Aner made three wills in 2003. In April, Aner changed his will to make Kathryn the residual beneficiary. In July, he changed the personal representatives from Kathryn and Roger to Kathryn and Aner's cousin Robert. Finally, in September, Aner made a third will, in which he reduced the amount left to Roger and his family members to $1,000 each. Aner died on August 9, 2005. Despite Roger's objections, the September 2003 will was declared to be valid and admitted to formal probate.
Roger filed a complaint on October 22, 2007, naming the personal representatives of Aner's estate, Kathryn and Robert, as defendants. He asked the district court to find that Aner breached his contract with Mildred to make a joint, mutual, and contractual will when Aner revoked the 1982 will by executing subsequent wills. Roger also asked the court to impose a trust on Aner's estate for the beneficiaries named in the 1982 will.
An amended complaint was filed on October 29, 2007, and another motion to amend the complaint was filed in April 2008, seeking to add other affected beneficiaries as parties and to frame the complaint as one in equity instead of at law. The district court overruled the motion for leave to file an amended complaint; however, the court considered the claim as an equitable action. It determined that the facts required to establish a contract to not revoke a will pursuant to § 30-2351 were not present and granted the personal representatives' motion for summary judgment.

ASSIGNMENTS OF ERROR
Roger assigns as error the district court's summary judgment in favor of the copersonal representatives. He also claims the court erred in not permitting the filing of a second amended complaint and in failing to join necessary parties. Because we conclude that summary judgment was proper, we do not address the remaining assigned errors.

ANALYSIS

SUMMARY JUDGMENT
Roger sought to impose a constructive trust on the assets of Aner's estate based on an alleged 1982 contract to make a will between Aner and Mildred. He claimed that Aner breached this contract by destroying the 1982 will and executing subsequent wills after Mildred's death. Roger alleged that the 1982 will was a joint and mutual will in which Aner and Mildred (1) devised one-half of their residuary estate to Roger and his family and (2) agreed to not revoke or change the will upon the death of the other spouse. The question is whether Roger presented sufficient evidence to prove the existence of such a contract between Aner and Mildred.
An action to impose a constructive trust sounds in equity. Eggleston v. Kovacich, 274 Neb. 579, 742 N.W.2d 471 (2007). A party seeking to have a constructive trust imposed has the burden to establish by clear and convincing evidence the factual foundation required for a constructive trust. Pruss v. Pruss, 245 Neb. 521, 514 N.W.2d 335 (1994). Because Roger alleges a contractual agreement between Aner and Mildred not to revoke their joint and mutual will as the basis for the constructive trust, he has the initial *569 burden of proving that Aner and Mildred entered into such a contract. See id.
Contracts to make wills are governed by § 30-2351, which states:
A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after January 1, 1977, can be established only by (1) provisions of a will stating material provisions of the contract; (2) an express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or (3) a writing signed by the decedent evidencing the contract. The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills.
Section 30-2351, part of the Nebraska Probate Code, is identical to § 2-514 of the Uniform Probate Code (UPC). See, Neb.Rev.Stat. §§ 30-2201 to 30-2902 (Reissue 2008); Unif. Probate Code, rev. art. II, § 2-514, 8 (part I) U.L.A. 159 (1998). The purpose of UPC § 2-514 is to "tighten the methods by which contracts concerning succession may be proved." Unif. Probate Code, supra, comment, 8 (part I) U.L.A. at 160. Section 2-514 seeks to avoid the litigation generated by oral contracts not to revoke wills and allows oral testimony only if the will references the contract. Id. In order to prevail, Roger must meet the requirements of one of the three subsections of § 30-2351.
Undisputedly, Roger cannot produce an executed will stating the material provisions of the contract as required by § 30-2351(1). An unsigned copy of the 1982 will includes the following paragraph:
SIXTH, Each of us solemnly promises the other that he or she will not revoke or change this Will or make any disposition of his or her property by Will, contract, gift or otherwise without at least two days' notice in writing to the other of his or her intention to do so; that any disposition of his or her property in violation of this provision shall be void. No change of any kind shall be made by the survivor affecting the disposition of this property after the first to die.
Although this language would supply the material terms of the purported contract, Roger cannot produce any evidence that Aner and Mildred actually executed the will.
Except as provided for holographic wills and wills within § 30-2331, a will must be in writing, signed by the testator, and signed by at least two individuals who witnessed either the signing of the will or the testator's acknowledgment of the signature or of the will. See § 30-2327. Despite the fact that there is no evidence of a 1982 will which met the statutory requirements for execution, Roger attempts to explain this lack of evidence with his testimony that in 1998, Aner retrieved the sealed envelope that allegedly contained an executed copy of the 1982 will.
A lost will may be proved by secondary evidence that is clear and convincing. In re Estate of Mecello, 262 Neb. 493, 633 N.W.2d 892 (2001). However, such evidence is completely lacking in this case. Roger offers his testimony that Aner and Mildred gave him the copy of the 1982 will and the sealed envelope, which he claims creates the inference that the sealed envelope contained a properly executed will. We disagree. No one, not even Roger, claims to have seen an executed copy of the 1982 will or Aner's signature on the document. Brogan, whose law firm's name appeared on the envelope containing the copy of the will and who drafted all of Aner's later wills, testified that he did not remember the 1982 will and that "[i]t probably was never signed" and "it probably was never executed."
*570 Furthermore, Roger cannot identify anyone who claims to have witnessed the 1982 will. In In re Estate of Mecello, we noted that even though it is not necessary to establish the identity of the two witnesses to a will, it must be proved by clear and convincing evidence that, in fact, two individuals did witness the signing of the will or the acknowledgments of the signatures. See, also, In re Estate of Thompson, 214 Neb. 899, 336 N.W.2d 590 (1983). Roger's testimony that he assumed the now-missing sealed envelope contained a properly witnessed will is not evidence that two witnesses signed the 1982 will. Because Roger did not present evidence that the 1982 will was duly executed, he has not established a contract pursuant to § 30-2351(1).
Section 30-2351(2) provides that a contract may be established by an express reference in a will to a contract and extrinsic evidence proving the terms of the contract. As this method also requires a duly executed will, Roger has not proved that Aner and Mildred entered into a contract to make a will pursuant to this subsection for the same reasons as discussed above.
The third and final method of proving a contract according to § 30-2351 is through a writing signed by the decedent evidencing the contract. See § 30-2351(3). It is undisputed that Roger cannot physically produce a writing signed by Aner evidencing the contract. Instead, Roger claims he can prove a lost contract. Roger asserts that his testimony creates the following inferences: (1) The sealed envelope contained a copy of the 1982 will that included the clause promising not to revoke, (2) Aner and Mildred had signed the document, and (3) Aner destroyed the will after he retrieved it from Roger. Roger acknowledges that this evidence is insufficient to prove an executed will but claims that it is sufficient to establish a lost contract.
In support of his claim that his oral testimony can be used as proof of a signed writing evidencing the contract, Roger cites the comment to UPC § 2-514, which states that "[o]ral testimony regarding the contract is permitted if the will makes reference to the contract, but this provision of the statute is not intended to affect normal rules regarding admissibility of evidence." Unif. Probate Code, rev. art. II, § 2-514, comment, 8 (part I) U.L.A. at 160 (1998).
Roger's reliance on the comment to UPC § 2-514 is misplaced. The comment states that the purpose of § 2-514 is to tighten the methods by which contracts to make a will may be proved. It is explicit that oral testimony regarding the contract is permitted only "if the will makes reference to the contract." Id. (emphasis supplied). As discussed above, Roger cannot produce a will; therefore, pursuant to the statute, be cannot rely on his oral testimony to infer a contract. Without an executed will, Roger cannot establish a contract unless he produces a writing signed by the decedent. He has failed to provide such a writing.
Section 30-2351 specifically states that the only way to prove the existence of a contract to make a will or not to revoke a will or devise is by satisfying one of the three subsections. Considering the evidence in the light most favorable to Roger, there is no will or signed writing that satisfies § 30-2351. Conclusions based on guess, speculation, conjecture, or a choice of possibilities do not create material issues of fact for purposes of summary judgment. Recio v. Evers, 278 Neb. 405, 771 N.W.2d 121 (2009); Marksmeier v. McGregor Corp., 272 Neb. 401, 722 N.W.2d 65 (2006).
*571 Therefore, the evidence did not warrant the imposition of a constructive trust on Aner's estate. The district court did not err in granting summary judgment in favor of the copersonal representatives of Aner's estate, and we affirm the judgment of the district court.

AMENDMENT OF PLEADINGS
Roger sought leave to file a second amended complaint in order to reframe his claim as one in equity rather than at law and to add all of the beneficiaries of Aner's September 2003 will as parties. Although pled as a breach of contract claim, the district court acknowledged that the claim was an equitable action to impose a constructive trust and analyzed the matter as such. Because we conclude that Roger did not meet his burden of proof to overcome summary judgment, the absence of the beneficiaries of Aner's most recent will as defendants is immaterial as well. Allowing Roger to file a second amended complaint to correct this defect would serve no purpose.

CONCLUSION
Viewing the evidence in the light most favorable to Roger, we conclude that he did not present sufficient evidence to satisfy one of the three ways to establish a contract to make a will as provided by § 30-2351. Accordingly, we affirm the order of summary judgment by the district court.
AFFIRMED.