781 N.W.2d 456 (2010)
279 Neb. 720
CITY OF FREMONT, Nebraska, appellant,
v.
Wanda KOTAS et al., appellees.
No. S-09-448.
Supreme Court of Nebraska.
April 23, 2010.
*458 J.L. Spray and Stephen D. Mossman, Lincoln, of Mattson, Ricketts, Davies, Stewart & Calkins, and Dean Skokan, Fremont City Attorney, for appellant.
Kris W. Kobach, Immigration Reform Law Institute, University of Missouri-Kansas City School of Law, for appellees.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
The defendants, Wanda Kotas, Jerry Hart, and John Wiegert, circulated a city initiative petition (Measure) which sought to enact an ordinance that would prohibit the harboring and hiring of illegal aliens in the City of Fremont. Fremont filed for declaratory relief on the grounds that the *459 Measure was unconstitutional and violated the single subject rule.
The district court dismissed Fremont's first cause of action, granted the defendants' motion for summary judgment on the second cause of action, and concluded that the Measure should be put before the electors of Fremont during a special election. Fremont appeals.

SCOPE OF REVIEW
Aside from factual findings, which are reviewed for clear error, the granting of a motion to dismiss for lack of subject matter jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) is subject to de novo review. Leach v. Dahm, 277 Neb. 452, 763 N.W.2d 83 (2009).
In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. Johnson v. Anderson, 278 Neb. 500, 771 N.W.2d 565 (2009).

FACTS
The defendants circulated a petition proposing a Measure that would make it unlawful for any person or business entity in Fremont to knowingly or recklessly lease or rent property to an illegal alien unless expressly permitted by federal law. The Measure would require tenants and occupants to obtain an occupancy license from the Fremont Police Department prior to occupying any leased or rented dwelling unit. The Fremont Police Department would be required to contact the federal government to determine whether each potential occupant is lawfully present in the country. Additionally, all businesses in Fremont would be required to register with the "E-Verify Program."
The defendants filed completed petitions in support of the Measure with the Fremont city clerk on February 23, 2009. On March 11, Fremont filed for declaratory judgment with the Dodge County District Court pursuant to Neb.Rev.Stat. § 18-2538 (Reissue 2007). Fremont's amended complaint, filed March 23, alleged Fremont lacked the requisite authority to enact the proposed Measure because it violated the Supremacy Clause of the U.S. Constitution and was preempted by federal law. Fremont also alleged that the Measure was improper because it contained more than one subject.
The defendants moved to dismiss the first cause of action pursuant to § 6-1112(b)(1) and (6), and moved for summary judgment with respect to the second cause of action.
Relying on our decision in Stewart v. Advanced Gaming Tech., 272 Neb. 471, 723 N.W.2d 65 (2006), the district court held that substantive constitutional challenges are not justiciable before an initiative is approved by the voters. It dismissed Fremont's first cause of action. The court granted the defendants' motion for summary judgment on the second cause of action, concluding that even though the Measure addressed both housing and employment, it had only one general subjectthe regulation of illegal aliens in Fremontand therefore did not violate the single subject rule. Fremont appeals, and we affirm.

ASSIGNMENTS OF ERROR
Fremont alleges, combined and restated, that the district court erred in finding that it lacked subject matter jurisdiction and in failing to find that the Measure contained multiple subjects, in violation of the single subject rule.

*460 ANALYSIS

PREELECTION DECLARATORY JUDGMENT
Fremont first challenges the district court's finding that it lacked subject matter jurisdiction because the Measure is not justiciable until after voters approve it. Essentially, the issue is whether § 18-2538 authorizes preelection judicial review of substantive challenges to municipal initiatives. Statutory interpretation presents a question of law, which an appellate court decides independently of the determination made by the lower court. In re Interest of Elias L., 277 Neb. 1023, 767 N.W.2d 98 (2009).
The right to an initiative vote to enact laws independent of the Legislature is the first power reserved by the people in the Nebraska Constitution. See Neb. Const. art. III, § 2. The Legislature provides for initiatives and referendums for municipal subdivisions in chapter 18, article 25, of the Nebraska Revised Statutes. See Neb.Rev. Stat. §§ 18-2501 through 18-2538 (Reissue 2007). An initiative or referendum may be used to enact a "[m]easure," defined as "an ordinance, charter provision, or resolution which is within the legislative authority of the governing body of a municipal subdivision to pass, and which is not excluded from the operation of referendum by the exceptions in section 18-2528." § 18-2506.
Circulators may seek to enact a measure via initiative by soliciting signatures for an initiative petition. See § 18-2503. If the circulators collect enough signatures, the municipal subdivision's governing body must consider passage of the measure. See §§ 18-2524 and 18-2525. If the governing body does not pass the measure, it is put before the voters. It must be put on the ballot at the next scheduled primary or general election if the petition receives signatures from at least 15 percent of the qualified electors. See § 18-2524. If the petition requests a special election and received signatures from at least 20 percent of the qualified electors, the measure must be put before the voters in a special election. See § 18-2525.
After an initiative petition is filed, "[t]he municipality or any chief petitioner may seek a declaratory judgment regarding any questions arising under Chapter 18, article 25, ... including, but not limited to, determining whether a measure is subject to referendum or limited referendum or whether a measure may be enacted by initiative." § 18-2538. If an action for declaratory judgment is brought under § 18-2538, such action is governed generally by the Uniform Declaratory Judgments Act, Neb.Rev.Stat. §§ 25-21,149 to 25-21,164 (Reissue 2008). See § 18-2538.
In the case at bar, the defendants collected 3,343 valid signatures, which was in excess of 20 percent of the qualified electors in Fremont. The circulated petition also called for the initiative to be referred to the voters at a special election. Accordingly, if the Measure is valid, a special election must be held. Fremont petitioned for declaratory judgment before it was notified of the verified number of signatures on the petition, and therefore, its action for declaratory judgment was timely filed. See § 18-2538.
Fremont claims that pursuant to chapter 18, the district court has statutory authority to enter a declaratory judgment on the constitutionality of the Measure before the voters of Fremont adopt it. Relying on State ex rel. Andersen v. Leahy, 189 Neb. 92, 199 N.W.2d 713 (1972), Fremont argues that the Measure is beyond Fremont's legislative authority to enact. See § 18-2506. In Leahy, circulators sought by initiative petition to repeal annexation of the city of Millard to the city of Omaha. We held that the ordinance proposed by such initiative must be legislation that the *461 city council or the legislative body had the power to enact under powers granted and defined by the Legislature. Because the detachment of territory from a municipal corporation was a matter of statewide concern, the legislative body of Omaha did not have the power to enact the ordinance. Once Millard became legally annexed, the initiative process could not be invoked to detach it.
Fremont points out that courts have uniformly determined that harboring and housing provisions such as those contained in the Measure are preempted by federal law and therefore are unconstitutional. It therefore asserts that measures which are unconstitutional or void are beyond the power or authority of a municipality to enact and are therefore not subject to initiative or referendum. We point out that a measure is not unconstitutional until a court makes such a determination. A challenge to the constitutionality of a measure is a substantive challenge. A measure is not enacted by initiative until it is adopted by the voters. In many instances, the initiative may not be passed or adopted, or matters affecting the constitutionality of the initiative may change before the initiative is adopted.
Although § 18-2538 allows for preelection judicial review regarding questions arising under chapter 18, article 25, the language "whether a measure may be enacted by initiative" does not permit a court to issue an advisory opinion regarding the substance of an initiative measure prior to its adoption. This language encompasses only procedural challenges.
Substantive challenges to proposed initiatives are not justiciable before the measure is adopted by voters. In Duggan v. Beermann, 249 Neb. 411, 544 N.W.2d 68 (1996), we recognized that to the extent the appellants sought a declaration that an initiative measure, if adopted, would enact amendments that would violate the federal or state Constitutions, the appellants were seeking an advisory opinion. In the absence of an actual case or controversy requiring judicial resolution, it is not the function of the courts to render a judgment that is merely advisory. Stewart v. Advanced Gaming Tech., 272 Neb. 471, 723 N.W.2d 65 (2006); State ex rel. Lemon v. Gale, 272 Neb. 295, 721 N.W.2d 347 (2006).
In Stewart, a registered voter sought an injunction preventing Nebraska's Secretary of State from placing on the ballot an initiative authorizing the use of video keno. Because it was a statewide initiative petition, the preelection challenge was governed by Neb.Rev.Stat. § 32-1412 (Reissue 2008). The district court dismissed the challenge to the initiative because it was not ripe for determination. We affirmed, concluding that preelection judicial review of substantive challenges to the initiative was violative of the Nebraska Constitution. We recognized that procedural challenges to the legal sufficiency of an initiative petition may be determined prior to an election.
Fremont attempts to distinguish Stewart on the basis that it involves a statewide initiative and the case at bar involves a municipal initiative. It cites Sydow v. City of Grand Island, 263 Neb. 389, 639 N.W.2d 913 (2002), in support of this claim. In Sydow, a resident circulated a municipal initiative petition proposing to enact a sales tax to create an endowment fund for the city of Grand Island. After Grand Island refused to place the measure on the ballot at the next election, the district court issued an alternative writ of mandamus. Grand Island appealed, arguing that mandamus was not an appropriate remedy because the city lacked the statutory authority *462 to create the endowment. Fremont claims that Sydow establishes that the municipal initiative process is significantly different from the statewide initiative process and therefore permits preelection declaratory judgments. In Sydow, we considered only the issue of mandamus and did not consider whether declaratory judgment was proper before an election. Accordingly, Sydow is not instructive.
Fremont also argues that the Legislature authorized declaratory relief with regard to initiatives and referendums under chapter 18. Our interpretation of § 18-2538 requires a determination of the scope of such declaratory relief. We decide the issue as a matter of law independent from the determination of the trial court. See R & D Properties v. Altech Constr. Co., 279 Neb. 74, 776 N.W.2d 493 (2009). Statutory interpretation is a question of law, which we resolve independently of the trial court. Underhill v. Hobelman, 279 Neb. 30, 776 N.W.2d 786 (2009). Hence, whether the court has jurisdiction is based upon our interpretation of § 18-2538.
Actions for declaratory judgment pursuant to § 18-2538 are subject to § 25-21, 149, which specifies in part that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." However, an action for declaratory judgment cannot be used to decide the legal effect of a state of facts which are future, contingent, or uncertain. Allstate Ins. Co. v. Novak, 210 Neb. 184, 313 N.W.2d 636 (1981). We have long held that the existence of a justiciable issue is a fundamental requirement to a court's exercise of its discretion to grant declaratory relief. Ellis v. County of Scotts Bluff, 210 Neb. 495, 315 N.W.2d 451 (1982). See, also, Allstate Ins. Co., supra. A justiciable issue requires a present substantial controversy between parties having adverse legal interests susceptible to immediate resolution and capable of present judicial enforcement. Ellis, supra. If the residents of Fremont have not yet voted on the Measure, it may not be adopted. Thus, Fremont presents us with a state of facts that are contingent and uncertain.
Fremont's request for declaratory judgment as to the constitutionality of the Measure before the citizens of Fremont have adopted the Measure is a request for an advisory opinion. Accordingly, it is outside the jurisdiction of the courts.

SINGLE SUBJECT RULE
Fremont's second cause of action alleges the Measure is unconstitutional because it contains more than one subject. Because this cause of action requests a procedural review of the city initiative, the district court correctly determined the issue is justiciable and can be decided prior to an election.
In Drummond v. City of Columbus, 136 Neb. 87, 285 N.W. 109 (1939), and Munch v. Tusa, 140 Neb. 457, 300 N.W. 385 (1941), we explained that the single subject rule provides that where the limits of a proposed law having a natural and necessary connection with each other and together are part of one general subject, then the proposal is a single and not a dual proposition. A constitutional amendment which embraces several subjects, all of which are germane to the general subject of the amendment, will, under such requirement, be upheld as valid and may be submitted to the people as a single proposition. Munch, supra.
The single subject rule was incorporated into article III, § 2, of the Nebraska Constitution in 1998 to prevent "log-rolling." Loontjer v. Robinson, 266 Neb. 902, 670 N.W.2d 301 (2003) (Wright, J., concurring). Log rolling is the practice of *463 combining dissimilar propositions into one proposed amendment so that voters must vote for or against the whole package even though they would have voted differently had the propositions been submitted separately. Id. (citing Tilson v. Mofford, 153 Ariz. 468, 737 P.2d 1367 (1987)).
In the case at bar, the district court found that the Measure had but one general subjectthe regulation of illegal aliens in Fremont. It found that this fact was borne out by the title of the initiative, which stated that the purpose of the Measure was "[a]n ordinance of the City of Fremont, Nebraska, . . . to prohibit the harboring of illegal aliens or hiring of unauthorized aliens, providing definitions, making provision for occupancy licenses, [and] providing judicial process. . . ."
Additionally, the district court found that every provision within the Measure was part of its general subject. Although the ordinance had several components dealing with occupancy, licensing, electronic verification, government uses, resources, and penalty provisions, the Measure was not confusing or deceiving to the voters. The court concluded that since the issues raised in the Measure had a natural and necessary connection with each other and were part of the general subject of regulating illegal aliens in Fremont, the single subject rule was not violated. We agree.

CONCLUSION
The district court correctly determined that it did not have subject matter jurisdiction to determine the substantive constitutional challenge to the Measure unless and until it is approved by the voters. The court also correctly determined that the cause of action requesting a procedural review of the single subject rule of the Measure was justiciable and could be decided prior to the election and that the Measure had one general subject and did not violate the single subject rule. We therefore affirm the judgment of the district court in its entirety.
AFFIRMED.